363 A.2d 1227

**COMMONWEALTH of Pennsylvania**

v.

**William Sherman BUSFIELD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1976.

Decided Sept. 27, 1976.

Gary M. Lightman, Harrisburg, for appellant.

Keith B. Quigley, Dist. Atty., New Bloomfield, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge.

This is an appeal from the judgment of sentence of the Court of Common Pleas of Perry County by the defendant-appellant, William Sherman Busfield, after conviction in a non-jury trial of possession of drugs with intent to deliver; and from the denial of post trial motions. He was sentenced to a term of imprisonment of not less than two years nor more than five years.

The facts as set forth in the opinion of the court below are as follows:

"On March 17, 1974, at approximately 10:00 p. m. Corp. Roy I. Krick of the Pennsylvania State Police received an anonymous phone call while on duty at the Duncannon Station of the Pennsylvania State Police. Said telephone call was to the effect that a vehicle bearing

an out-of-state license plate was parked at property known as 532 South Fourth St., Newport, Oliver Township, Perry County, Pennsylvania, and that people were seen removing packages from said automobile. Said property had been the object of prior police surveillance.

"Immediately after receiving said anonymous telephone call, Corp. Krick and Trooper Robert Howell of the Pennsylvania State Police, proceeded to the property located at 532 South Fourth St., Newport, Oliver Township, Perry County, Pennsylvania. Shortly after their arrival, the police secured the permission of one Chester Carl, the owner of property immediately adjacent to the north of the residence at 532 South Fourth Street. From the property of Mr. Chester Carl, the officers were able to peer through the kitchen window of the Busfield property. Said window was covered only by a sheer curtain, light in color, covering the entire window, but which did not hinder or obstruct the view of the police officers. From their vantage point on the property owned by Mr. Chester Carl, said officers were able to observe, without difficulty, the activity of four males inside the kitchen of the Busfield residence.

"While looking through the kitchen window, the officers observed the following:

"a. Immediately inside of the window, to the left, a set of scales. The type used in a supermarket.

"b. Immediately beside the scales, laying on a counter or table, was a package of what appeared to be marijuana. The contents of the package which appeared to be marijuana was in a brick form and was wrapped in red cellophane. It had been opened up and during the time that Corp. Krick was looking through the window one of the individuals which Corp. Krick identified to be Mr. Busfield, the defendant, picked up the package and set it on the scales and weighed it.

"c.   After weighing the package Mr. Busfield set it down and began passing a cigarette around to four males who were kneeling on the floor.

"d.   The four males who were kneeling on the floor who were identified by Corp. Krick as the defendants, Mr. Koman, Mr. Young and Mr. Busfield and an unidentified individual, appeared to Corp. Krick to be packing something or wrapping something which he could not identify.

"e.   Corp. Krick made said observation for [sic] a point two to three feet from the outside of the window for a period of several minutes.

"f.   The substance which Corp. Krick observed through the window was in brick form of the kilo type, had a texture of something like alfalfa hay with stems and leaves.

"g.   Corp. Krick had previously seen marijuana and believed the substance which he was looking at to be marijuana.

"The observations made by the police were communicated to Trooper Jack I. Gibboney of the Pennsylvania State Police.   Said Trooper Gibboney was the affiant of an application for a search warrant presented to District Magistrate Orin E. Soule, Magisterial District No. 41–3–04, to search the premises known as 532 South Fourth St., Newport, Oliver Township, Perry County, Pennsylvania, to look for marijuana and related paraphernalia, being a violation of The Controlled Substance, Drug, Device and Cosmetic Act, 1972, April 14, P.L. 233, No. 64, § 1 et seq., 35 P.S. 780–101 et seq.

"The search of the aforesaid premises enabled the police to seize over 300 lbs. of a substance which was later identified at trial as marijuana by Larry L. Reigle, a chemical analyst for the Pa. State Police. The police also seized a large white set of scales of the

supermarket variety; a set of balance scales; and cash totalling $5,142.24."

On appeal the appellant contends that by being in his own kitchen at 10:00 P.M. with the curtain drawn in an area where there was no walkway there was present a reasonable expectation of privacy which was invaded by police officers.

The Commonwealth, on the other hand, maintains there was no reasonable expectation of privacy since a window blind behind the sheer curtain had not been drawn to eliminate outside viewing while the sheer curtain permitted clear observation of the activities in the kitchen.

The principal issue to be determined concerns observation of appellant's kitchen in his home by officers of the Pennsylvania State Police and whether such observation as set forth above was violative of the Fourth Amendment of the Constitution of the United States. See *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

The critical factor to be considered is not the property which was observed but rather the intent of the appellant to exclude this transaction from prying eyes. "For the Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection. . . . But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." *Katz v. United States, supra,* 389 U.S. at page 351, 88 S.Ct. at page 511, 19 L.Ed.2d at page 582.

The appellant exposed his transaction to the public even though a curtain was drawn across the window since the curtain was of such sheer material as to allow clear observation of what was going on in the kitchen and it would have taken seconds to draw the blind to insure privacy.

In *Commonwealth v. Hernley*, 216 Pa.Super. 177, 263 A.2d 904 (1970), the criminal's conduct was observed by police officers when the defendant left a second-story window open. Officers climbed a tree and pursuant to their observation obtained an arrest and conviction. The court said at 262 A.2d page 907, "The law will not shield criminal activity from visual observation when the actor shows such little regard for his privacy."

There was no need in the instant case for tree-climbing heroics as the activities of the defendant were observed by the officers standing several feet away on an adjoining property. *Hernley, supra.* Judge Jacobs, speaking for this court, noted that although *Katz, supra,* protects people, not places, there must be an expectation of privacy and this expectation must be reasonable as viewed through the eyes of the average man. It is patently unreasonable to assume one expects privacy when he shields himself only by a sheer curtain, easily seen through, when the means to insure privacy in the form of a window blind is available to him.

Judgment affirmed.